Drake, Oh. J.,
delivered the opinion of the court:
Charles Stewart brought suit in this court against the District of Columbia for money claimed to be due him for work done on streets, and Isaac P. Childs also brought suit against the District, as assignee of Stewart, in order, if Stewart should recover, to obtain payment, out of the money awarded him, of a debt for which Stewart had given him an order on the District authorities.
These two suits were tried together. The court found in-Stewart’s favor; but his order in favor of Childs being for a greater amount than that found due to Stewart from the District, judgment was, on the 6th of February last, rendered in favor of Childs against the District, for the whole amount due to Stewart.
The next day the counsel for the District learned, for the first time, of the existence, in the Supreme Court of the District of Columbia, of an unsatisfied judgment for $850 and costs, in favor of the Commissioners of the District and against the said Isaac P. Childs and one Jacob Childs; and he thereupon filed *334 ■herein a motion for a new trial, to enable the District to set off that judgment against Isaac P. Childs’s recovery under the order of Stewart. . *
Courts have, in general, a discretionary power to grant or .refuse new trials, according to the exigency of each particular case, upon principles of substantial justice and equity.
In this court, however, that subject is regulated by the Devised Statutes, both as to claimants and defendants.
By section 1087, the court may grant a claimant a new trial for any reason which, by the rules of the common law or chancery, in suits between individuals, would furnish sufficient ground for granting a new trial. That section is not involved in the pending motion; but section 1088 is, which is in these words:
“The Court of Claims, at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion on behalf •of the United States, grant a new trial and stay the payment •of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States.”
In its terms this seems intended only for the benefit of the United States, and not for that of the District of Columbia, in suits brought against it in this court, under the act of June 16, 1880 (21 Stat L., 284). But in section 1 of that act is the following clause:
“ Said Court of Claims shall have the same power, proceed in the same manner, and be governed by the same rules, in respect to the mode of hearing, adjudication, and determination of said claims, as it now has in relation to the adjudication of claims against the United States.”
And, cumulatively, section 4 of the act provides, as follows:
“All laws nowin force relating to prosecutions of claims .against the United States in the Court of Claims shall apply, as far as applicable, to the prosecution, practice, hearing, and determination of claims against the District of Columbia authorized to be prosecuted under the provisions of this act: Pro-meted, That motions for new trials shall be made by either party within twenty days after the rendition of any judgment.”
These two provisions seem to us clearly to authorize the District of Columbia “ within twenty days after the rendition of •any judgment against it,” to move for a new trial on the same *335 .grounds that the United States might present under the section 1088 of the Revised Statutes ; and that we are required by that section to grant a new trial, if moved for in time, “ upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the” District of Columbia.
The pending motion for a new trial, filed in due time, upon the ground that “ wrong and injustice has been done the defendant in the judgment” rendered by the court in favor of the claimant, Isaac P. Childs, is, therefore, a motion properly before us, and entitled to be decided on its merits.
In Neitzy’s Case (17 C. Cls. R., 111), we held-, that the District of Columbia, in cases brought against it in this court, has a full right of set-off.
The question then arises, whether, if a new trial be granted, the District can legally avail itself of the judgment against Isaac P. and Jacob Childs jointly, as a set-off against Isaac P.
■ Child’s sole right of recovery as assignee of Stewart. If it cannot, then there is no reason for granting a new trial; if it can, the new trial should be granted.
Were the judgment against Isaac P. Childs alone, there •could be no question of the District’s right to set it off. The only ground for any question is in the.fact that the judgment is ■against Isaac P. Childs and another. Whether that is an obstacle, depends upon whether, by the law in force in the District of Columbia, the District could maintain an action against Isaac P. Childs alone in that judgment. If it could, there is no ■reason why it may not set the judgment off against his right of recovery in the present case.
This matter is, as we conceive, settled by section 827 of the Revised Statutes relating to the District of Columbia, in the following terms:
“Where money is payable by two or more persons jointly or . severally, or by joint obligors, covenantors, makers, drawers, or indorsers, one action may be sustained and judgment recovered against all or any of the parties by whom the money is payable, at the'option of the plaintiff. Bub an action against one ■ or some of the parties by whom the money is payable may, while the litigation therein continues, be pleaded in bar of another -action against another or other of said parties.”
Under this provision we see no reason to doubt the right of *336 the District to sue Isaac P. Childs alone on'the aforesaid judgment, and therefore to set off the judgment in this case.
The motion for a new trial is therefore allowed, unless the parties enter into au agreement within ten days, approved by the court, for the proper amount of the judgment to be entered in favor of Isaac P. Childs.